# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### At Charleston

TRUSTEES OF THE WEST VIRGINIA
LABORERS' PENSION TRUST FUND;
TRUSTEES OF THE WEST VIRGINIA
LABORERS' TRUST FUND;
TRUSTEES OF THE WEST VIRGINIA
LABORERS' PROFIT SHARING PLAN TRUST FUND;
TRUSTEES OF THE WEST VIRGINIA
LABORERS' TRAINING TRUST FUND;
TRUSTEES OF THE WEST VIRGINIA
LABORERS' EMPLOYERS COOPERATION AND EDUCATION TRUST;
TRUSTEES OF THE WEST VIRGINIA
LABORERS' ORGANIZING FUND;
WEST VIRGINIA LABORERS' LOCAL NO. 379;
WEST VIRGINIA LABORERS' LOCAL NO. 984;
WEST VIRGINIA LABORERS' LOCAL NO. 1085;
WEST VIRGINIA LABORERS' LOCAL NO. 1149;
WEST VIRGINIA LABORERS' LOCAL NO. 1353;
WEST VIRGINIA LABORERS' POLITICAL LEAGUE; and
WEST VIRGINIA LABORERS' DISTRICT COUNCIL-POLITICAL
ACTION COMMITTEE,
                Plaintiffs,

v.                                                      CIVIL ACTION NO.   2:20-cv-00529

OVERCASH PIPELINE, LLC, a domestic company,
MARGO OVERCASH, individually and as a fiduciary, and
MARTIN OVERCASH, individually and as a fiduciary,
                Defendants.

## **COMPLAINT FOR MONETARY DAMAGES AND EQUITABLE RELIEF**

Your Plaintiffs respectfully complain and say unto the Court as follows:

1.    Jurisdiction of the Court is invoked under the provisions of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act (MPPAA), 29 U.S.C. §§1132(g) and 1145, and under Section 301 of the Labor Management Relations Act of 1974, (LMRA), 29

U.S.C. § 185.

2. Plaintiffs, West Virginia Laborers' Pension Trust Fund ("Laborers' Pension Fund"), West Virginia Laborers' Trust Fund ("Laborers' Health and Welfare Fund"), West Virginia Laborers' Profit Sharing Plan Trust Fund ("Laborers' Profit Sharing Fund") and, West Virginia Laborers' Training Trust Fund ("Laborers' Training Fund") are non-profit organizations operated for the purpose of providing pension, health and welfare, annuity, and training benefits to participating members, and each constitute an "Employee Benefit Plan "as defined by ERISA. These funds are multi-employer plans under Section 3(37)(A) of ERISA, 29 U.S.C. § 1002 (37) (A). Plaintiffs' Laborers' Pension Fund, Laborers' Health and Welfare Fund, and Laborers' Profit Sharing Fund offices are located in Charleston, West Virginia.

3. The ERISA Funds bring this action by and through their trustees. The trustees are fiduciaries within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21).

4. Plaintiffs' West Virginia Laborers' Local No. 379 ("Local 379"), West Virginia Laborers' Local No. 984 ("Local 984"), West Virginia Laborers' Local No. 1085 ("Local 1085"), West Virginia Laborers' Local No. 1149 ("Local 1149"), and West Virginia Laborers' Local No. 1353 ("Local 1353") are designated to receive employee dues withheld by the Defendants from the paychecks of participating employees/union members; are affiliated with the Laborers' International Union of North America, and together comprise a labor organization representing employees for collective bargaining purposes; and is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5).

5. Plaintiffs' West Virginia Laborers' Employers Cooperation and Education Trust ("LECET"), West Virginia Laborers Organizing Fund ("Organizing Fund"), West Virginia

2

Laborers Political League ("Political League") and West Virginia Laborers' District Council Political Action Committee ("WVLDC-PAC") are non-profit employee funds designated to receive employer contributions and/or employee deductions from the Defendants.

6. Defendant Overcash Pipeline, LLC, is a domestic corporation, and at all times pertinent hereto, was actively engaged in the construction business in the State of West Virginia. Based upon information and belief Defendant Margo Overcash is a member and/or an owner/operator of Defendant Overcash Pipeline, LLC. Based upon information and belief Defendant Martin Overcash is a member and/or an owner/operator of Defendant Overcash Pipeline, LLC. Based upon information and belief each Defendant is the alter ego of the other Defendant. Defendants are employers and parties in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of ERISA (29 U.S.C. §§1002(5), (11), (12) and (14)) and employers in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7). Each Defendant is an "employer" as defined by ERISA.

7. Venue and jurisdiction are properly conferred upon this Court by 29 U.S.C. §§ 185(a) and (c).

## COUNT ONE

### ALTER EGO

8. The foregoing paragraphs are incorporated by reference.

9. Based upon information and belief Defendant Margo Overcash is a member and/or an owner/operator of Defendant Overcash Pipeline, LLC. Based upon information and belief Defendant Martin Overcash is a member and/or an owner/operator of Defendant Overcash Pipeline, LLC.

10. Based upon information and belief Defendant Margo Overcash is a member and/or an owner/operator and a major shareholder if not the major shareholder of Defendant Overcash Pipeline, LLC. Based upon information and belief Defendant Martin Overcash is a member and/or an owner/operator and a major shareholder if not the major shareholder of Defendant Overcash Pipeline, LLC.

11. Defendant Margo Overcash and Defendant Martin Overcash have exhibited dominion and control over the Defendant Overcash Pipeline, LLC.

12. Defendant Margo Overcash's and Defendant Martin Overcash's actions and practices make them the "alter ego" of Defendant Overcash Pipeline, LLC, and as such Defendant Margo Overcash and Defendant Martin Overcash have the same contractual obligations of Defendant Overcash Pipeline, LLC.

13. Defendant Margo Overcash, Defendant Martin Overcash, and Defendant Overcash Pipeline, LLC, shall hereinafter be referred to in the aggregate as "Defendants".

## COUNT TWO

BREACH OF COLLECTIVE BARGAINING AGREEMENTS AND PLAN DOCUMENTS

14. The foregoing paragraphs are incorporated in this count of the complaint by reference.

15. At all times relevant and material hereto, Defendants were bound to the terms and conditions of a National Pipeline Agreement (hereinafter referred to as "Pipeline Agreement") between the (a) Laborers' International Union of North America, operating in the United States and (b) the Main Line Pipe Line Contractors operating in the United States. Said collective bargaining agreement (CBA) includes a recognition clause designating the Laborers' union as

the exclusive representative of all employees in the classification of work covered in the instant CBA.  Said CBA also includes a union shop clause that requires that all employees that are not union members when the CBA is entered into or who are hired after entering into the CBA must become union members.

16. At all times relevant and material hereto, Defendants were bound to the terms and conditions of a National Distribution Agreement (hereinafter referred to as "Distribution Agreement") between the (a) Distribution Contractors Association, Signatory Contractors and the (b) Laborers' International Union of North America, AFL-CIO. Said collective bargaining agreement (CBA) includes a recognition clause designating the Laborers' union as the exclusive representative of all employees in the classification of work covered in the instant CBA.  Said CBA also includes a union shop clause that requires that all employees that are not union members when the CBA is entered into or who are hired after entry into the CBA must become union members.

17. Pursuant to the respective "Pipeline Agreement" and "Distribution Agreement" Defendants are obligated to report and pay to Plaintiffs certain hourly contributions on behalf of employees who are covered by the "Pipeline Agreement" and the "Distribution Agreement". The Defendants have failed to timely meet this obligation and have committed a breach of contract.

18. Pursuant to the respective "Pipeline Agreement" and "Distribution Agreement", the Defendants are obligated to report, withhold and pay to Plaintiffs certain deductions from employees who are covered by the "Pipeline Agreement" and "Distribution Agreement".  The Defendants have failed to timely meet this obligation and have committed a breach of contract.

19. Based upon information and belief, the Plaintiffs allege that Defendants have not paid the full amounts Defendants are obligated to contribute and/or withhold pursuant to the respective "Pipeline Agreement" and "Distribution Agreement", and have committed a breach of contract.

20. Pursuant to the respective "Pipeline Agreement" and "Distribution Agreement", Defendants are obligated to report and pay to Plaintiffs certain hourly contributions on behalf of all of its employees (employer contributions) who are covered by the "Pipeline Agreement" and "Distribution Agreement". The Defendants have failed to timely meet this obligation and have committed a breach of contract.

21. Pursuant to the respective "Pipeline Agreement" and "Distribution Agreement", the Defendants are obligated to report, withhold and pay to Plaintiffs certain deductions from employees (employee contributions) who are covered by the "Pipeline Agreement" and "Distribution Agreement". The Defendants have failed to timely meet this obligation and have committed a breach of contract.

22. Based upon information and belief, and certain self-reporting by the Defendants of hours worked by union employees between January 1, 2018, and the date of this filing, your Plaintiffs believe that the Defendants owe an amount equal to or greater than $101,043.16.

23. Your Plaintiffs will suffer irreparable harm for which there is no adequate remedy at law, unless the Defendants are required to pay Plaintiffs an amount greater than $101,043.16, plus liquidated damages, interest, attorney's fees and costs, and auditor's fees and costs, pursuant to the "Pipeline Agreement" and "Distribution Agreement" and ERISA.

**COUNT THREE**

24. The foregoing paragraphs are incorporated in this count of the complaint by reference.

25. Pursuant to the "Pipeline Agreement" and "Distribution Agreement" as of the date of filing the instant complaint, Defendants owe Plaintiffs an amount greater than $101,043.16 in liability not including interest and liquidated damages, reasonable attorneys' fees and costs, and audit costs, necessitated by the Defendants' failure to comply with the "Pipeline Agreement" and "Distribution Agreement" and Federal law.

26. Unless the Defendants are required to pay all contributions due and owing, Plaintiffs will suffer irreparable harm for which there is no other adequate remedy at law.

## COUNT FOUR

27. The foregoing paragraphs are incorporated in this count of the complaint by reference.

28. Pursuant to ERISA and MPPAA, Defendants are responsible for reasonable attorney fees and the costs incurred in this action together with the cost of any audits performed to determine liability.

29. Regarding Defendants, a copy of this Complaint will be served upon the Secretary of Labor and Secretary of Treasury as required by ERISA, 29 U.S.C. §1132(h).

## COUNT FIVE

### CONVERSION

30. The foregoing paragraphs are incorporated in this count of the complaint by reference.

31. The Defendants withheld deductions from union employees' wages (union dues and political action contributions), and failed to report and pay to Plaintiffs those certain hourly deductions from employees who are covered by the "Pipeline Agreement" and "Distribution Agreement". Plaintiffs owned or had the right to possess said hourly deductions withheld by the Defendants.

32. The Defendants, without lawful justification, deprived the Plaintiffs the use and possession of union dues and political action contributions, intentionally exercising dominion and control over the union dues and political action contributions, interfering with the Plaintiffs' use and control of said union dues and political action contributions, causing Plaintiffs to suffer damages.

33. The Defendant's actions in regard to the withholding deductions for union dues and political action contributions and failing to report and pay to Plaintiffs those certain hourly deductions from employees who are covered by the "Pipeline Agreement" and "Distribution Agreement" constitute conversion.

## PRAYER

**WHEREFORE**, Plaintiffs pray this Court will, under 29 U.S.C. § 1132(g) (2):

1. Find that the Defendant Margo Overcash and Defendant Martin Overcash are fiduciaries and alter egos of Defendant Overcash Pipeline, LLC, and that all Defendants are liable for damages owed to the Plaintiffs.

2. Award judgment to the Plaintiffs against the Defendants for the breach of contract in an amount not less than $101,043.16, the exact amount to be determined by an audit together with interest accruing and liquidated damages as well as the cost of any audits performed by the respective Plaintiffs;

3. Enter a declaratory Order that the Defendants engaged in prohibited transaction(s) under ERISA;

4. Enter a declaratory Order that the Defendants engaged in acts or omissions that constitute conversion;

5. Require Defendant to pay the cost of this proceeding, together with reasonable attorney fees necessary for the prosecution thereof;

6. Restrain and enjoin Defendants, its officers, members, agents, servants, and all persons acting on its behalf or in conjunction with them from further work until the delinquent amounts are paid in full or a bond is posted in the amount of the delinquent contributions and penalties;

7. Restrain and enjoin Defendants, its officers, members, agents, servants, attorneys and all persons acting on its behalf or in conjunction with them from accurately completing, refusing, or failing to file accurate, complete and timely remittance reports and to timely pay all amounts due and owing to Plaintiffs for so long hereafter as Defendants are contractually required to do so; and;

8. Award Plaintiffs such other and further relief against Defendants as the Court may deem meet and proper.

> TRUSTEES OF THE WEST VIRGINIA LABORERS' PENSION TRUST FUND;
> TRUSTEES OF THE WEST VIRGINIA LABORERS' TRUST FUND;
> TRUSTEES OF THE WEST VIRGINIA LABORERS' PROFIT SHARING PLAN TRUST FUND;
> TRUSTEES OF THE WEST VIRGINIA LABORERS' TRAINING TRUST FUND;
> TRUSTEES OF THE WEST VIRGINIA LABORERS' EMPLOYERS COOPERATION AND EDUCATION TRUST;
> TRUSTEES OF THE WEST VIRGINIA LABORERS' ORGANIZING FUND;
> WEST VIRGINIA LABORERS' LOCAL NO. 379;
> WEST VIRGINIA LABORERS' LOCAL NO. 984;
> WEST VIRGINIA LABORERS' LOCAL NO.

        1085;
WEST VIRGINIA LABORERS' LOCAL NO. 1149;
WEST VIRGINIA LABORERS' LOCAL NO. 1353;
WEST VIRGINIA LABORERS' POLITICAL LEAGUE; and
WEST VIRGINIA LABORERS' DISTRICT COUNCIL-POLITICAL ACTION COMMITTEE,
Plaintiffs by Counsel

  /s/Roger D. Williams
Roger D. Williams (W.Va. Bar No. 4052)
Williams Law Office pllc
1022A Bridge Road
Charleston, WV 25314
(304) 720-2434
(304) 720-2448 facsimile
roger@rogerwilliamslaw.com